(C. D. 652)

JOSEPH B. GREENBERG *v.* UNITED STATES

United States Customs Court, Third Division

(Decided June 17, 1942)

*Harper & Harper* (*Abraham Gottfried* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General (*Richard F. Weeks* and *Joseph E. Weil,* special attorneys), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

EKWALL, Judge: These three cases were consolidated and tried together. They relate to the dutiable status of certain whisky which it is alleged was withdrawn by the plaintiff from bonded warehouse for use as supplies on board certain vessels of the United States actually engaged in trade between Atlantic and Pacific coasts. Duty was assessed on the whisky under the appropriate provisions in the Tariff Act of 1930 and the Revenue Act of 1918 as amended by the Revenue Act of 1934. The importer herein protested, claiming the whisky to be properly free of duty by reason of the provisions of section 309 of the Tariff Act of 1930, which is as follows:

SEC. 309. SUPPLIES FOR CERTAIN VESSELS.

(a) EXEMPTION FROM CUSTOMS DUTIES AND INTERNAL-REVENUE TAX.—Articles of foreign or domestic manufacture or production may, under such regulations as the Secretary of the Treasury may prescribe, be withdrawn from bonded warehouses or bonded manufacturing warehouses free of duty or internal-revenue tax for supplies (not including equipment) of vessels * * * of the United States * * * actually engaged in foreign trade or trade between the Atlantic and Pacific ports of the United States or between the United States and any of its possessions, but no such article shall be landed at any port or place in the United States or in any of its possessions.

*　　　*　　　*　　　*　　　*　　　*　　　*

In the brief filed on behalf of the plaintiff, the importer herein, it is stated that liquidated damages were exacted "by the collector of customs for the alleged failure of the plaintiff to manifest or enter on the vessel's store list" these items.

Plaintiff's alternative claims are set forth in his pleadings in each case in practically the same language and are as follows:

This entry having been liquidated free of additional or increased duties we contend that your present demand for additional or increased duties is illegal by virtue of the provision of Section 514.

Or in the alternative, said demand, if a demand for liquidated damages, is likewise illegal as the law does not empower the Collector to assess liquidated damages or impose fines.

The claim is limited to the following warehouse withdrawals: No. 76, protest 899083–G; No. 60, protest 959554–G; and Nos. 1, 5, and 25, protest 959555–G.

Under authority of section 309, *supra*, the Secretary of the Treasury promulgated regulations which are found in the Customs Regulations of 1931 and insofar as pertinent are quoted below.

Art. 457. Form of withdrawal—Bond.—(a) Withdrawals shall be made on customs Form 7506.

(b) If the vessel named in the withdrawal is clearing coastwise, or in the case of a vessel in the foreign trade, goes from port to port in the United States to complete lading or unlading of cargo or passengers, and the withdrawal is made by a person other than the importer of record, a bond must be taken on customs Form 7561.

*　　　*　　　*　　　*　　　*　　　*　　　*

Art. 458. Delivery permit—Lading.—(a) Upon the filing of the withdrawal and the execution of the bond, when required, the collector shall issue a permit on customs Form 7506A.

(b) A copy of the withdrawal will be transmitted to the surveyor or inspector acting as such, who shall designate a customs officer to supervise the lading of the merchandise and make a return thereof.

(c) [As amended by T. D. 46724.] Except where the vessel clears at the port at which the withdrawal is made direct for a foreign port, the merchandise shall be entered on the store list of the vessel on which laden, which fact shall be certified by the marine clerk or officer acting as such on the withdrawal.

Art. 461. Cancellation of bonds.—The bond given on withdrawal of supplies shall be canceled upon the production of an affidavit of the master or other officer of the vessel having knowledge of the facts, showing that such supplies

have been used on board the vessel, and no portion thereof landed within the limits of the United States or any of its possessions.

These regulations were amended in T. D. 46522 to cover withdrawals under the provisions of section 630 of the Revenue Act of 1932.

It is evident that the case does not fall within the exception noted in article 458 (c) for the reason that it was agreed that the vessels here involved were engaged in trade between the Atlantic and Pacific ports.

It is the contention of the plaintiff in his brief that the collector did not exact duties or the full penalty of the bond but attempted to exact liquidated damages equal to the amount of the duties. The bond is not in evidence.

The provision of the statute applicable to the giving of bonds is found in section 623 of the Tariff Act of 1930 and is as follows:

SEC. 623. SECURITY.

(a) BONDS.—In any case in which bonds or other security is not specifically required by law, the Secretary of the Treasury may by regulations require, or authorize collectors of customs to require, such bonds or other security as he, or they, may deem necessary for the protection of the revenue and to assure compliance with the customs laws and regulations. Except as otherwise specifically provided by law, whenever a bond is required by law or regulations, the Secretary of the Treasury may by regulations prescribe the conditions and form of such bond, provide for the approval of the sureties thereon (without regard to any general provision of law), fix the amount or penalty thereof, whether for the payment of liquidated damages or of a penal sum, and authorize the cancellation of any such bond, in the event of a breach of any condition thereof, upon the payment of such lesser amount as he may deem sufficient. No condition in any such bond shall be held invalid on the ground that such condition is not specified in the law authorizing or requiring the taking of such bond. Whenever a bond is required by the customs laws or regulations, the Secretary of the Treasury may authorize the execution of a single bond the conditions of which shall extend to and cover similar cases or importations over a period of time, not to exceed one year, or such longer period as the Secretary of the Treasury may fix to meet the circumstances of any particular case.

\*    \*    \*    \*    \*    \*    \*

In the case of *United States* v. *Frank F. Smith & Co.*, 25 C. C. P. A. 163 (Customs), T. D. 49267, the court had before it a case involving a penalty for breach of the conditions of a bond given for the production of a certified invoice. In discussing the provisions of section 623, *supra*, the court there said:

Whether the penalty was unjust or just is not a matter for our consideration. That is a legislative matter. The law-making body has authorized the Secretary of the Treasury and the collectors of customs to take these bonds, to require the giving of the same, and to authorize the cancellation of the same in the event of a breach of any condition thereof, upon the payment of such lesser amount as he may deem sufficient. We can see no good reason why the administration of these matters should not be within the control of the administrative officers

within the limits fixed by the legislative authority. Nor do we know any reason why, nor have any authorities been cited to the effect that, within the legislative limits, these powers may not be exercised properly by administrative officers. [Citing] *Thomas & Pierson, Inc.* v. *United States*, 25 C. C. P. A. (Customs) 56, T. D. 49042.

The collector in the instant case assessed an amount equal to the duties due. If this amount was less than the amount called for in the bond, the assessment was justified by the statute and the court's interpretation thereof.

The only testimony introduced was that of the manager of the firm of customhouse brokers under whose supervision the entries were prepared. The withdrawal entries together with the attached papers were offered and received in evidence as collective exhibit 4. The witness testified that the warehouse withdrawals were filed with the collector as were also the affidavits of consumption. The remainder of his testimony was devoted to replies to interrogatories of his attorney in regard to whether the plaintiff had any control over the entry of the whisky on the ship's manifest or whether that matter was entirely within the control of the ship's officers. However, there is no claim asserted in relation to that situation nor does the question seem to be in issue.

It was agreed at the hearing that the whisky was not listed on the ship's store list or ship's manifest, and that was agreed to have been the reason for the collector's action.

Whether or not the amount demanded by the collector is in the nature of duties or liquidated damages under the bond does not appear from the record. In connection with warehouse withdrawal permit No. 60 (W. H. Bond No. 919) we find the following notation:

Duty & tax on foregoing collected on 10–8–38 in the amount of $16.89.

This notation would indicate that the amount was collected as duty, the internal revenue tax on imported merchandise having been held to be a duty. *Faber* v. *United States*, 19 C. C. P. A. (Customs) 8, T. D. 44851. An examination of the remaining exhibits shows that the amounts claimed due by the customs officials were made up of customs duties and internal revenue taxes. Therefore, so far as is shown by the record the collector demanded that duties be paid on the merchandise involved because of the failure to bring the withdrawals of the whisky within the provisions of section 309, *supra*, under which they would be exempt from duty.

For the foregoing reasons the claims of the plaintiff are overruled. Judgment will be rendered for the defendant.